UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PETE CHALIF,

                          Plaintiff,

v.                                                            9:03-CV-0713
                                                              (GTS/DRH)

DALE ARTUS, Superintendent; NANCY D. SMITH,
Senior Counselor and Chairperson of Media Review
Committee; EDNA AIKEN, Corrections Counselor;
BRYAN RANKIN, Corrections Counselor; TOM
MARCIL, Corrections Officer; MARITA RUMPH,
Corrections Counselor; and LARRY DEBEIC,
Chaplain,

                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

PETE CHALIF
   Plaintiff, *Pro Se*
Riverview Transitional Residences
Bldg. 110, 2nd Floor
Wards Island Complex
New York, New York 10035

HON. ANDREW M. CUOMO             DAVID L. COCHRAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
   Counsel for Defendants
The Capitol
Albany, New York 12224

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM DECISION and ORDER

       Currently before the Court in this *pro se* prisoner civil rights action, filed by Pete Chalif,

("Plaintiff") against seven employees of the New York State Department of Correctional

Services ("Defendants"), are (1) Defendants' motion for summary judgment (Dkt. No. 96), and

(2) United States Magistrate Judge David R. Homer's Report-Recommendation recommending that Defendants' motion be granted in its entirety. (Dkt. No. 100.) Plaintiff has not submitted an Objection to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion is granted in its entirety, and Plaintiff's Amended Complaint is dismissed with prejudice in its entirety.

I.   **RELEVANT BACKGROUND**

On June 9, 2003, Plaintiff filed his original Complaint in this action. (Dkt. No. 1.) After an Order of Compliance was issued by the Court on July 15, 2003, Plaintiff timely filed an Amended Complaint in this action on July 28, 2003. (Dkt. No. 5.)

Generally, in his Amended Complaint, Plaintiff asserts the following claims against each of the seven above-captioned Defendants: (1) a First Amendment claim for preventing the "free exercise" of his religion; (2) a Fourth Amendment claim for seizing his religious materials; and (3) a Fourteenth Amendment claim for failing to recognize a bona fide religion. (*Id*.) More specifically, Plaintiff alleges that (1) he was prevented from freely practicing his religion, "Church of Jesus Christ Christian," (2) his religious materials were wrongfully seized by Defendant Dediec and the media review committee, and (3) other inmates are allowed to practice their supremacist religions, but he was not allowed to practice his. (*Id*.)

On June 23, 2008, Defendants filed a motion for summary judgment seeking dismissal of all of Plaintiff's claims. (Dkt. No. 96.) In their motion, Defendants argue as follows: (1) Plaintiff has failed to establish a First Amendment free exercise of religion claim; (2) Plaintiff has failed to establish a Fourteenth Amendment equal protection claim; (3) Plaintiff has failed to show the personal involvement of Defendants; and (4) Defendant Debeic is not a state actor for

purposes of a civil rights claim pursuant to 42 U.S.C. § 1983 claim.  (*Id*.)

On July 14, 2008, Plaintiff filed a response in opposition to Defendants' motion.  (Dkt. No. 97.)  In his response, Plaintiff argues as follows: (1) he has established a valid free exercise of religion claim; (2) he has established a valid equal protection claim; (3) Defendants were personally involved in the alleged constitutional violations; and (4) Defendant Debeic is a state actor because he possessed a badge bearing the rank of "Sergeant" by the Department of Corrections.  (*Id*.)

On October 15, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending that Defendants' motion be granted in its entirety.  (Dkt. No. 100.)  Familiarity with the grounds of Magistrate Judge Homer's Report-Recommendation is assumed in this Decision and Order.  Plaintiff has not submitted an Objection to the Report-Recommendation, and the time in which to do so has expired.

## II.     APPLICABLE LEGAL STANDARDS

### A.     Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

---

[1] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

> B.  **Standard Governing a Motion for Summary Judgment**

Magistrate Judge Homer correctly recited the legal standard governing a motion for summary judgment. (*See* Dkt. No, 100, at 5-6.) As a result, that standard is incorporated by reference herein.

**III.  ANALYSIS**

After carefully reviewing all of the papers herein, including Magistrate Judge Homer's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation. Magistrate Judge Homer employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation

---

[2]  *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

is accepted and adopted in its entirety, for the reasons stated therein.[3]

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 100) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 96) is **GRANTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 5) is **DISMISSED** with prejudice in its entirety.

Dated: November 24, 2009
         Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge

---

[3] The Court notes that Magistrate Judge Homer's Report-Recommendation would survive even a *de novo* review.